## John De Groot et al. v. The Receivers of the Washington Banking Company.

A bill brought to establish a legal title, and for a perpetual injunction, will be dismissed. The trial must be at law. The court will interfere by injunction only after repeated trials at law, and for the sake of preventing useless litigation.

The bill alleges, that the Washington Banking company, being owners of the property in question, by a resolution of the board of directors of said company, authorized John De Groot to sell the same on their account. That, as agent of the company, the said De Groot sold the said property on the twenty-fifth of February, one thousand eight hundred and thirty-three, to one Solomons, of the city of New-York, for the sum of seven thousand dollars. That on the sixth of March, one thousand eight hundred and thirty-three, Solomons and wife conveyed the same property to the said De Groot, for the same amount. That the sale was approved by the board, and De Groot took

possession, and put repairs on the property to the amount of two thousand dollars, and leased it to Zabriskie and Demarest, the other complainants. That in January, one thousand eight hundred and thirty-four, an injunction issued against the bank, and the defendants were appointed receivers. That the receivers, without offering to pay back the consideration or make compensation for the repairs, have brought an action of ejectment to recover possession of the property, pretending that the sale was fraudulent and void.

Prayer of the bill, that the title of De Groot may be established, or if more just, that the defendants be decreed to repay him the purchase money, and all moneys expended for repairs, with interest; that they be injoined from all further proceedings at law, and for further relief, &c.

*R. E. Darrah*, for complainant.

THE CHANCELLOR. The bill discloses the case of an ejectment brought by a grantor against his own grantee. The defendants in the ejectment, claim under the plaintiffs themselves, and set up a legal title. There are no equitable circumstances connected with it; nothing that prevents a full defence being made at law, or that calls for the peculiar powers of this court. The only question between the parties, so far as I can discover, is a legal question, and properly triable in the court where it now is.

It is a general rule, that when a bill is brought to establish a legal title, and for a perpetual injunction, it will be dismissed : 2 *Bro. P. C.* 39. The trial must be at law. There are cases in which this court will interfere by injunction, but it must be after repeated trials at law, and for the sake of preventing useless litigation.

It does not alter the case, that the suit is brought by the receivers. They stand in the place of the company, the grantors, and will be bound by their lawful acts. And if they intend to

[De Groot et al. v. Receivers of the Washington Banking Co.]

rely upon the ground of fraud in the conveyance, and choose to go into a court of law to sustain it and establish their own title, this court will not interfere to restrain them. The complainant, De Groot, does not allege that he is unable to make a proper defence at law, nor does he seek a discovery to aid him.

Application denied.